```
McGREGOR W. SCOTT
United States Attorney
ELLEN V. ENDRIZZI
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2716
```

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>     v.<br><br>50,000 SHARES OF BROOKSTONE CAPITAL, INC. COMMON STOCK HELD IN THE NAME OF MATRIXX INVESTMENT GROUP, LLC,<br><br>           Defendant. | 2:07-MC-00031-FCD-DAD<br><br>**STIPULATION AND ORDER EXTENDING THE UNITED STATES' TIME TO FILE A COMPLAINT FOR FORFEITURE AND/OR TO OBTAIN AN INDICTMENT ALLEGING FORFEITURE** |

It is hereby stipulated by and between the United States of America and Claimant Joshua Coffman ("Claimant"), by and through their respective attorneys, as follows:

    1.  On or about January 18, 2007, Claimant filed a claim, in the administrative forfeiture proceeding, with the Internal Revenue Service ("IRS") regarding the 50,000 shares of Brookstone Capital, Inc. common stock, held in the name of Matrixx Investment Group, LLC (the "Shares"), which were seized on or about November 14, 2006.

    2.  The IRS has sent written notice of intent to forfeit, as required by 18 U.S.C. § 983(a)(1)(A), to all known interested

parties.  The time has expired for any person to file a claim to the Shares under 18 U.S.C. § 983(a)(2)(A)-(E), and no person other than the Claimant has filed a claim to the Shares, as required by law in the administrative forfeiture proceeding.

3.  Under 18 U.S.C. § 983(a)(3)(A), the United States is required to file a complaint for forfeiture against the Shares and/or to obtain an indictment alleging that the Shares are subject to forfeiture within 90 days after a claim has been filed in the administrative forfeiture proceeding, unless the Court extends the deadline for good cause shown or by agreement of the parties.

4.  By Stipulation and Order filed April 17, 2007, the parties stipulated to extend to July 17, 2007, the time in which the United States is required to file a civil complaint for forfeiture against the Shares and/or to obtain an indictment alleging that the Shares are subject to forfeiture.

5.  By Stipulation and Order filed July 6, 2007, the parties stipulated to extend to October 15, 2007, the time in which the United States is required to file a civil complaint for forfeiture against the Shares and/or to obtain an indictment alleging that the Shares are subject to forfeiture.

6.  By Stipulation and Order filed September 27, 2007, the parties stipulated to extend to January 11, 2008, the time in which the United States is required to file a civil complaint for forfeiture against the Shares and/or to obtain an indictment alleging that the Shares are subject to forfeiture.

7.  By Stipulation and Order filed December 18, 2007, the parties stipulated to extend to April 10, 2008, the time in which the United States is required to file a civil complaint for

1  forfeiture against the Shares and/or to obtain an indictment
2  alleging that the Shares are subject to forfeiture.
3       8.   By Stipulation and Order filed March 20, 2008, the parties
4  stipulated to extend to July 9, 2008, the time in which the United
5  States is required to file a civil complaint for forfeiture against
6  the Shares and/or to obtain an indictment alleging that the Shares
7  are subject to forfeiture.
8       9.   By Stipulation and Order filed July 1, 2008, the parties
9  stipulated to extend to October 7, 2008, the time in which the
10 United States is required to file a civil complaint for forfeiture
11 against the Shares and/or to obtain an indictment alleging that the
12 Shares are subject to forfeiture.
13      10.  As provided in 18 U.S.C. § 983(a)(3)(A), the parties
14 stipulate and agree to further extend to January 5, 2009, the time
15 in which the United States is required to file a civil complaint
16 for forfeiture against the Shares and/or to obtain an indictment
17 alleging that the Shares are subject to forfeiture.
18      11.  Accordingly, the parties agree that the deadline by which
19 the United States shall be required to file a complaint for
20 forfeiture against the Shares and/or to obtain an indictment
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

1  alleging that the Shares are subject to forfeiture shall be
2  extended to January 5, 2009.
3  DATED: 9/26/08                    Respectfully submitted,
4                                    McGREGOR W. SCOTT
                                     United States Attorney
5
6                             By:    /s/ Ellen V. Endrizzi
                                     ELLEN V. ENDRIZZI
7                                    Assistant U.S. Attorney
8
9  DATED: 9/26/08                    /s/ John Balazs
                                     JOHN BALAZS, ESQ.
10                                   Attorney for Claimant Joshua Coffman
11                                   (Original signature retained by
                                     attorney)
12
13
14                              **O R D E R**
15     The time in which the United States is required to file a
16 civil complaint for forfeiture against 50,000 shares of Brookstone
17 Capital, Inc. common stock, held in the name of Matrixx Investment
18 Group, LLC (the "Shares") and/or to obtain an indictment alleging
19 that the Shares are subject to forfeiture, is extended to
20 January 5, 2009, as agreed to by the parties, pursuant to
21 18 U.S.C. § 983(a)(3)(A).
22     IT IS SO ORDERED.
23 DATED: September 29, 2008
24
25                                   FRANK C. DAMRELL, JR.
                                     UNITED STATES DISTRICT JUDGE
26
27
28

4