```
LAWRENCE G. BROWN
Acting United States Attorney
ELLEN V. ENDRIZZI
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2716
```

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>     v.<br><br>50,000 SHARES OF BROOKSTONE CAPITAL, INC. COMMON STOCK HELD IN THE NAME OF MATRIXX INVESTMENT GROUP, LLC,<br><br>          Defendant. | 2:07-MC-00031-FCD-DAD<br><br>**STIPULATION AND ORDER EXTENDING THE UNITED STATES' TIME TO FILE A COMPLAINT FOR FORFEITURE AND/OR TO OBTAIN AN INDICTMENT ALLEGING FORFEITURE** |

It is hereby stipulated by and between the United States of America and Claimant Joshua Coffman ("Claimant"), by and through their respective attorneys, as follows:

1. On or about January 18, 2007, Claimant filed a claim, in the administrative forfeiture proceeding, with the Internal Revenue Service ("IRS") regarding the 50,000 shares of Brookstone Capital, Inc. common stock, held in the name of Matrixx Investment Group, LLC (the "Shares"), which were seized on or about November 14, 2006.

2. The IRS has sent written notice of intent to forfeit, as required by 18 U.S.C. § 983(a)(1)(A), to all known interested

1 parties.  The time has expired for any person to file a claim to
2 the Shares under 18 U.S.C. § 983(a)(2)(A)-(E), and no person other
3 than the Claimant has filed a claim to the Shares, as required by
4 law in the administrative forfeiture proceeding.
5         3.   Under 18 U.S.C. § 983(a)(3)(A), the United States is
6 required to file a complaint for forfeiture against the Shares
7 and/or to obtain an indictment alleging that the Shares are subject
8 to forfeiture within 90 days after a claim has been filed in the
9 administrative forfeiture proceeding, unless the Court extends the
10 deadline for good cause shown or by agreement of the parties.
11        4.   By Stipulation and Order filed April 17, 2007, the parties
12 stipulated to extend to July 17, 2007, the time in which the United
13 States is required to file a civil complaint for forfeiture against
14 the Shares and/or to obtain an indictment alleging that the Shares
15 are subject to forfeiture.
16        5.   By Stipulation and Order filed July 6, 2007, the parties
17 stipulated to extend to October 15, 2007, the time in which the
18 United States is required to file a civil complaint for forfeiture
19 against the Shares and/or to obtain an indictment alleging that the
20 Shares are subject to forfeiture.
21        6.   By Stipulation and Order filed September 27, 2007, the
22 parties stipulated to extend to January 11, 2008, the time in which
23 the United States is required to file a civil complaint for
24 forfeiture against the Shares and/or to obtain an indictment
25 alleging that the Shares are subject to forfeiture.
26        7.   By Stipulation and Order filed December 18, 2007, the
27 parties stipulated to extend to April 10, 2008, the time in which
28 the United States is required to file a civil complaint for

forfeiture against the Shares and/or to obtain an indictment alleging that the Shares are subject to forfeiture.

8. By Stipulation and Order filed March 20, 2008, the parties stipulated to extend to July 9, 2008, the time in which the United States is required to file a civil complaint for forfeiture against the Shares and/or to obtain an indictment alleging that the Shares are subject to forfeiture.

9. By Stipulation and Order filed July 1, 2008, the parties stipulated to extend to October 7, 2008, the time in which the United States is required to file a civil complaint for forfeiture against the Shares and/or to obtain an indictment alleging that the Shares are subject to forfeiture.

10. By Stipulation and Order filed September 29, 2008, the parties stipulated to extend to January 5, 2009, the time in which the United States is required to file a civil complaint for forfeiture against the Shares and/or to obtain an indictment alleging that the Shares are subject to forfeiture.

11. By Stipulation and Order filed December 29, 2008, the parties stipulated to extend to April 6, 2009, the time in which the United States is required to file a civil complaint for forfeiture against the Shares and/or to obtain an indictment alleging that the Shares are subject to forfeiture.

12. By Stipulation and Order filed April 2, 2009, the parties stipulated to extend to July 6, 2009, the time in which the United States is required to file a civil complaint for forfeiture against the Shares and/or to obtain an indictment alleging that the Shares are subject to forfeiture.

13. As provided in 18 U.S.C. § 983(a)(3)(A), the parties stipulate and agree to further extend to October 2, 2009, the time in which the United States is required to file a civil complaint for forfeiture against the Shares and/or to obtain an indictment alleging that the Shares are subject to forfeiture.

14. Accordingly, the parties agree that the deadline by which the United States shall be required to file a complaint for forfeiture against the Shares and/or to obtain an indictment alleging that the Shares are subject to forfeiture shall be extended to October 2, 2009.

DATED: 6/30/09                Respectfully submitted,

                              LAWRENCE G. BROWN
                              Acting United States Attorney


                         By:  /s/ Ellen V. Endrizzi
                              ELLEN V. ENDRIZZI
                              Assistant U.S. Attorney


DATED: 6/29/09                /s/ John Balazs
                              JOHN BALAZS, ESQ.
                              Attorney for Claimant Joshua Coffman

                              (Original signature retained by
                              attorney)

**O R D E R**

The time in which the United States is required to file a civil complaint for forfeiture against 50,000 shares of Brookstone Capital, Inc. common stock, held in the name of Matrixx Investment Group, LLC (the "Shares") and/or to obtain an indictment alleging that the Shares are subject to forfeiture, is extended to

///

///

4

1 **October 2, 2009**, as agreed to by the parties, pursuant to
2 18 U.S.C. § 983(a)(3)(A).
3     IT IS SO ORDERED.
4 DATED: July 1, 2009

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE